E-FILED
Wednesday, 28 December, 2005 03:11:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS

NORTHERN ILLINOIS & IOWA LABORERS HEALTH
AND WELFARE TRUST and JIM DeDECKER and
STEVE TONDI, in their capacities as Trustees of the TRUST,

    Plaintiffs,

vs.    Case No. **05-4098**

BEERT CONSTRUCTION, LTD.,
an Iowa corporation,

    Defendant.

FILED
DEC 2 0 2005
U.S. ........ CE
ROCK...... , ILLINOIS

## COMPLAINT

NOW COME the plaintiffs, by their attorneys McCarthy, Callas, Fuhr & Ellison, P.C., by John S. Callas, and as and for causes of action against the Defendant Beert Construction, Ltd., allege and show to the Court the following:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.    Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185(a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132) ("ERISA"), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act, the terms and provisions of the employee benefit plans, Section 301 of the Labor Management Relations Act of 1947, the federal common law and the common law.

MW\1264709

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)), because the plaintiffs are located in this federal district and the breaches giving rise to this action took place in this federal district.

3. Plaintiff Northern Illinois & Iowa Laborers Health & Welfare Trust ("the Plan") is an employee benefit plan within the meaning of Sections 3(1), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(1), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said Plan. The Plan maintains administrative offices at 2837 Seventh Avenue, Rock Island, Illinois 61201.

4. Plaintiffs Jim DeDecker and Steve Tondi are trustees and fiduciaries of the Plan within the meaning of Section 3(21) of the ERISA (29 U.S.C. 1002(21)) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

5. Defendant Beert Construction, Ltd. ("Beert") is a foreign corporation organized under the laws of the State of Iowa, with its principal place of business located at 114 Colony Drive, Davenport, Iowa. Its registered agent for service of process is Thomas J. Pastrnak, 313 West 3rd Street, Davenport, Iowa 52801.

6. Defendant Beert is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.).

7. For all times relevant, Defendant Beert was a party to and agreed to abide by the terms of two agreements: (1) between The Quad City Builders Association, Inc. and Laborers International Union of North America Laborers Local Union No. 309, AFL-CIO affiliated with

North Central Illinois Laborers District Council, covering building construction work, with a letter of assent being signed by Laborers Local Union No. 309 and Beert on June 24, 2003; and (2) between The Associated Contractors of the Quad-Cities and Local Union No. 309 Laborers' International Union of North America, affiliated with the AFL-CIO and the Great Plains Laborers' District Council, covering highway and heavy construction work, with a letter of assent being signed by Laborers Local Union No. 309 (March 27, 2003), the Great Plains Laborers' District Council (March 26, 2003) and Beert (May 30, 2003). The labor organizations identified represent, for purposes of collective bargaining, certain employees of Defendant Beert, and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.). The most recent building agreement commenced on May 1, 2004 and will terminate on April 30, 2007; the most recent heavy and highway agreement commenced on January 1, 2003 and will terminate on December 31, 2007.

8. By adoption of said collective bargaining agreements, Defendant adopted the trust agreements and amendments thereof which establish and govern the Plan and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

9. By virtue of adopting the collective bargaining agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust Plan, Defendant Beert has agreed

as follows:

    A.    to file monthly reports and make timely and prompt contributions to the Plaintiff Plan for each employee covered by the aforementioned labor agreements;

    B.    to designate and accept as its representatives the Trustees named in the declaration of trust and their successors;

    C.    to adopt and abide by all of the rules and regulations adopted by the Trustees of the Plan pursuant to the trust agreements;

    D.    to adopt and abide by all of the actions of the Trustees in administering the Plan in accordance with the trust agreements and the rules so adopted; and

    E.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

10.    Defendant Beert has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreements and trust agreements by, although not necessarily limited to, the following:

    A.    failing to make continuing and prompt payments to the Plan as required by the applicable collective bargaining agreements and trust agreements for all of Beert covered employees; and

    B.    failing to accurately report employee work status to the Plan.

11.    Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of --

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

12.    Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

13.    Article 13 of the collective bargaining agreements adopted by Defendant Beert and the Laborers provides that Beert is bound by the terms of the Plan's Trust Agreement and by the rules, regulations and plans adopted by the Plan's Trustees.

14.    The Plan's Trust Agreement, and in particular the Plan's Policy and Procedures for Collection of Delinquent Employer Contributions, authorizes the Trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

15. Pursuant to Articles 13 and 14 of the collective bargaining agreements, as well as the Policy and Procedures for Collection of Delinquent Employer Contributions, the Trustees of the Plan have established rules governing delinquencies which provide that the delinquent employer, in the case of legal actions to collect delinquencies, shall be liable for the delinquent collection amount and liquidated damages in the sum of 20 percent in the event the work month contributions in question are not received by the Plan by the 30th day of the month following the work month in question.

16. Despite demands that Defendant Beert perform its statutory and contractual obligations, the Plaintiff Plan has ascertained that said Defendant has failed, neglected, omitted and refused to make those payments on a timely basis. To the best of its knowledge, the Plan is now informed and believes that Defendant Beert is now indebted to the Plaintiff Plan for contributions in the amount of $18,321.04 for the work months of July, August and September 2005 (Laborers), contributions in unknown amounts for the work months of July, August, September and October 2005 (Cement Masons) and October 2005 (Laborers), and for liquidated damage assessments in the amount to be determined for the work months of July 2005 through October 2005, inclusive.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT BEERT: VIOLATION OF ERISA SECTION 515

17. As and for a first claim for relief against Defendant Beert, the Plaintiff Plan realleges each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Defendant Beert has failed to timely and wholly contribute amounts that the Trustees have determined are necessary to maintain the Plan's benefits July 2005 through October 2005, inclusive.

19.  Defendant Beert, as a result, presently owes the Plan for fringe benefit contributions for July, August and September (Cement Masons) and October (Laborers and Cement Masons) 2005 and for liquidated damage assessments for the months of July through October 2005, inclusive, in amounts to be determined.

20.  Despite repeated requests by the Plan, Defendant Beert has failed to file appropriate monthly remittance reports listing its employees performing covered work under the collective bargaining agreement and refused to pay the balance of its required contributions to the Plan on behalf of said employees, which are necessary to maintain the Plan's benefits, no later than the 15th of the month following the work month in question, as required by the collective bargaining agreement and the Trust Agreement.

21.  As a result of Defendant Beert's failure to timely make its contributions for the work months of July through October 2005, inclusive, as noted above to the Plan in accordance with the collective bargaining agreements, the Defendant has violated ERISA Section 515 (29 U.S.C. Section 1145), and the Plan is entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT BEERT: BREACH OF TRUST AGREEMENT RULES

22.  As and for a second claim for relief against Defendant Beert, the Plaintiff Plan realleges each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23.  Defendant Beert is a party to and bound by the Plan's Trust Agreement. The Trust Agreement obligates the Defendant to make timely contribution payments to the Plan as required by the collective bargaining agreements. Articles 13 and 14 of the collective bargaining agreements and the Policy and Procedures for Collection of Delinquent Employer Contributions authorizes the Trustees to establish rules and regulations establishing liquidated damages of 20

percent to be assessed if contributions are not paid in full by the 30th day of the month following the month worked.

24. Pursuant to Article 14 of the collective bargaining agreements and the Plan's Policy and Procedures for Collection of Delinquent Employer Contributions, the Plan's Trustees have prescribed rules governing delinquencies, which provide that the Plan's recovery rights include recovery of costs and reasonable attorneys' fees.

25. As a result of its failure to make contributions in a timely manner in accordance with the collective bargaining agreements, Defendant Beert has violated the terms of the Trust Agreement. Based upon the Trust Agreement and the Plan's delinquency rules, the Defendant is liable to the Plan for contributions and liquidated damages and the expenses of collection incurred by the Plan, including reasonable attorneys' fees and costs.

26. Because the Defendant Beert has failed to make timely and prompt contributions in the amounts due for the work months of July through October 2005, inclusive, some of the Plan's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against the Defendant:

   A. For unpaid contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Plan for the work months of July through October 2005, inclusive, pursuant to ERISA and the terms of the collective bargaining agreement, the Trust Agreement and the applicable Plan delinquency rules;

B.  For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the collective bargaining agreement, the Trust Agreement and the applicable Plan delinquency rules;

C.  For an amount to be determined representing delinquent contributions, interest and liquidated damages owed to the Plan from November 1, 2005 to the present; and

D.  For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment.

2.  For such other, further or different relief as the Court deems just and proper.

Dated this 28 day of December, 2005.

_____
JOHN S. CALLAS
McCarthy, Callas, Fuhr & Ellison, P.C.
The Law Centre
329 – 18th Street, Suite 100
Rock Island, IL 61201
309-788-2800 (telephone)
309-793-4090 (facsimile)

OF COUNSEL TO THE PLAN:

PHILIP R. O'BRIEN (SBN 1015549)
Reinhart Boerner Van Deuren s.c.
1000 N. Water St., Suite 2100
Milwaukee, WI 53201
414-298-8243 (telephone)
414-298-8097 (facsimile)
pobrien@reinhartlaw.com

05-4098
E-FILED
Wednesday, 28 December, 2005 03:11:59 PM
Clerk, U.S. District Court, ILCD

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NORTHERN ILLINOIS & IOWA LABORERS HEALTH & WELFARE TRUST et al.

### DEFENDANTS
BEERT CONSTRUCTION, LTD.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1131 and 1145

Brief description of cause:
ERISA collection of delinquent fringe benefit contributions and assessments

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12/21/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.