E-FILED
Tuesday, 07 February, 2006 02:25:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

NORTHERN ILLINOIS & IOWA )
LABORERS HEALTH AND WELFARE )
TRUST and JIM DEDECKER and STEVE )
TONDI in their capacities as trustees of the )
TRUST, )
                                                                   ) No. 05-4098
    Plaintiffs, )
                                                                   )
vs. )
                                                                   )
BEERT CONSTRUCTION, LTD, an )
Iowa Corporation, )
                                                                   )
    Defendant. )

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES the Plaintiff, Northern Illinois & Iowa Laborers' Health and Welfare Trust and Jim DeDecker and Steve Tondi, in their capacities as Trustees of the Trust, by and through one of their attorneys, McCarthy, Callas, Fuhr & Ellison, P.C. and hereby moves this Court for leave to file an Amended Complaint and in support thereof states as follows:

    1. This Motion is filed pursuant to Rule 15 of the Federal Rules of Civil Procedure.

    2. Plaintiff seeks leave to file an Amended Complaint, a copy of which is attached hereto and marked as Exhibit "A" to this Motion, for the purposes of seeking additional relief from the Defendants including, but not limited to, a request that Defendants submit to an audit.

    WHEREFORE, Plaintiff prays for leave of this Court to file its Amended Complaint instanter, plus other and further relief as the Court deems just and equitable.

NORTHERN ILLINOIS & IOWA LABORERS HEALTH & WELFARE TRUST AND JIM DECECKER AND STEVE TONDI, IN THEIR CAPACITIES AS TRUSTEES OF THE TRUST

By: _____
John S. Callas

McCarthy, Callas, Fuhr
 & Ellison, P.C.
The Law Centre
P.O. Box 3100
329 Eighteenth Street
Rock Island, IL 61204-3100
(309) 788-2800

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon each of the parties/attorneys of record herein in the above captioned matter electronically and via u.s. mail on February 7, 2006.
All other interested parties who have filed an electric appearance will receive an electronic copy of this motion through CM/ECF. No further service is necessary.

By: _____

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS

NORTHERN ILLINOIS & IOWA LABORERS HEALTH
AND WELFARE TRUST and JIM DeDECKER and
STEVE TONDI, in their capacities as Trustees of the TRUST,

    Plaintiffs,

vs.               Case No. 05-CV-04098

BEERT CONSTRUCTION, LTD.,
an Iowa corporation,

    Defendant.

## AMENDED COMPLAINT

NOW COME the plaintiffs, by their attorneys McCarthy, Callas, Fuhr & Ellison, P.C., by John S. Callas, and as and for causes of action against the Defendant Beert Construction, Ltd., allege and show to the Court the following:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185(a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132) ("ERISA"), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act, the terms and provisions of the employee benefit plans, Section 301 of the Labor Management Relations Act of 1947, the federal common law and the common law.

MW\1278216          1

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)), because the plaintiffs are located in this federal district and the breaches giving rise to this action took place in this federal district.

3. Plaintiff Northern Illinois & Iowa Laborers Health & Welfare Trust ("the Plan") is an employee benefit plan within the meaning of Sections 3(1), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(1), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said Plan. The Plan maintains administrative offices at 2837 Seventh Avenue, Rock Island, Illinois 61201.

4. Plaintiffs Jim DeDecker and Steve Tondi are trustees and fiduciaries of the Plan within the meaning of Section 3(21) of the ERISA (29 U.S.C. 1002(21)) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

5. Defendant Beert Construction, Ltd. ("Beert") is a foreign corporation organized under the laws of the State of Iowa, with its principal place of business located at 114 Colony Drive, Davenport, Iowa. Its registered agent for service of process is Thomas J. Pastrnak, 313 West 3rd Street, Davenport, Iowa 52801.

6. Defendant Beert is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.).

7. For all times relevant, Defendant Beert was a party to and agreed to abide by the terms of two agreements: (1) between The Quad City Builders Association, Inc. and Laborers International Union of North America Laborers Local Union No. 309, AFL-CIO affiliated with North Central Illinois Laborers District Council, covering

MW\1278216                                         2

building construction work, with a letter of assent being signed by Beert on May 30, 1995; and (2) the Builders Agreement between Cement Masons Local No. 18, Area 544 and Beert, signed by the Cement Masons and Beert on May 17, 2004. The labor organizations identified represent, for purposes of collective bargaining, certain employees of Defendant Beert, and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.). The most recent Laborers building agreement commenced on May 1, 2004 and will terminate on April 30, 2007; the most recent Cement Masons builders agreement commenced on May 1, 2004 and will terminate on April 30, 2007.

8. By adoption of said collective bargaining agreements, Defendant adopted the trust agreements and amendments thereof which establish and govern the Plan and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

9. By virtue of adopting the collective bargaining agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust Plan, Defendant Beert has agreed as follows:

    A. to file monthly reports and make timely and prompt contributions to the Plaintiff Plan for each employee covered by the aforementioned labor agreements;

    B. to designate and accept as its representatives the Trustees named in the declaration of trust and their successors;

C.  to adopt and abide by all of the rules and regulations adopted by the Trustees of the Plan pursuant to the trust agreements;

D.  to adopt and abide by all of the actions of the Trustees in administering the Plan in accordance with the trust agreements and the rules so adopted; and

E.  to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

10.  Defendant Beert has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreements and trust agreements by, although not necessarily limited to, the following:

A.  failing to make continuing and prompt payments to the Plan as required by the applicable collective bargaining agreements and trust agreements for all of Beert covered employees; and

B.  failing to accurately report employee work status to the Plan.

11.  Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of --
>
>   (i)  interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher

MW\1278216                                    4

        percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

12.    Section 515 of ERISA provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

13.    Article 13 of the collective bargaining agreements adopted by Defendant Beert and the Laborers provides that Beert is bound by the terms of the Plan's Trust Agreement and by the rules, regulations and plans adopted by the Plan's Trustees.

14.    The Plan's Trust Agreement, and in particular the Plan's Policy and Procedures for Collection of Delinquent Employer Contributions, authorizes the Trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

15.    Pursuant to Article 13 (Laborers) and Article VI (Cement Masons) of the collective bargaining agreements, as well as the Policy and Procedures for Collection of Delinquent Employer Contributions, the Trustees of the Plan have established rules governing delinquencies which provide that the delinquent employer, in the case of legal actions to collect delinquencies, shall be liable for the delinquent collection amount and

liquidated damages in the sum of 20 percent in the event the work month contributions in question are not received by the Plan by the 30th day of the month following the work month in question.

16.     Despite demands that Defendant Beert perform its statutory and contractual obligations, the Plaintiff Plan has ascertained that said Defendant has failed, neglected, omitted and refused to make those payments on a timely basis. To the best of its knowledge, the Plan is now informed and believes that Defendant Beert is now indebted to the Plaintiff Plan for contributions in the amount of $18,321.04 for the work months of July, August and September 2005 (Laborers), contributions in unknown amounts for the work months of July, August and September 2005 (Cement Masons) and October, November and December 2005 (Laborers and Cement Masons) and for liquidated damage assessments in the amount to be determined for the work months of July 2005 through December 2005, inclusive.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT BEERT: VIOLATION OF ERISA SECTION 515

17.     As and for a first claim for relief against Defendant Beert, the Plaintiff Plan realleges each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18.     Defendant Beert has failed to timely and wholly contribute amounts that the Trustees have determined are necessary to maintain the Plan's benefits July 2005 through December 2005, inclusive.

19.     Defendant Beert, as a result, presently owes the Plan for fringe benefit contributions for July, August and September (Cement Masons) and October, November and December (Laborers and Cement Masons) 2005 and for liquidated damage

assessments for the months of July through December 2005, inclusive, in amounts to be determined.

20. Despite repeated requests by the Plan, Defendant Beert has failed to file appropriate monthly remittance reports listing its employees performing covered work under the collective bargaining agreement and refused to pay the balance of its required contributions to the Plan on behalf of said employees, which are necessary to maintain the Plan's benefits, no later than the 15th of the month following the work month in question, as required by the collective bargaining agreement and the Trust Agreement.

21. As a result of Defendant Beert's failure to timely make its contributions for the work months of July through December 2005, inclusive, as noted above to the Plan in accordance with the collective bargaining agreements, the Defendant has violated ERISA Section 515 (29 U.S.C. Section 1145), and the Plan is entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

SECOND CLAIM FOR RELIEF AGAINST DEFENDANT BEERT:
BREACH OF TRUST AGREEMENT RULES

22. As and for a second claim for relief against Defendant Beert, the Plaintiff Plan realleges each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23. Defendant Beert is a party to and bound by the Plan's Trust Agreement. The Trust Agreement obligates the Defendant to make timely contribution payments to the Plan as required by the collective bargaining agreements. Article 13 (Laborers) and Article VI (Cement Masons) of the collective bargaining agreements and the Policy and Procedures for Collection of Delinquent Employer Contributions authorizes the Trustees to establish rules and regulations establishing liquidated damages of 20 percent to be

assessed if contributions are not paid in full by the 30th day of the month following the month worked.

24.     Pursuant to terms of the collective bargaining agreements and the Plan's Policy and Procedures for Collection of Delinquent Employer Contributions, the Plan's Trustees have prescribed rules governing delinquencies, which provide that the Plan's recovery rights include recovery of costs and reasonable attorneys' fees.

25.     As a result of its failure to make contributions in a timely manner in accordance with the collective bargaining agreements, Defendant Beert has violated the terms of the Trust Agreement. Based upon the Trust Agreement and the Plan's delinquency rules, the Defendant is liable to the Plan for contributions and liquidated damages and the expenses of collection incurred by the Plan, including reasonable attorneys' fees and costs.

26.     Because the Defendant Beert has failed to make timely and prompt contributions in the amounts due for the work months of July through December 2005, inclusive, some of the Plan's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

**WHEREFORE**, the Plaintiffs demand the following relief:

1.      Judgment on behalf of the Plaintiffs and against the Defendant:

    A.      For unpaid contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Plan for the work months of July through December 2005, inclusive, pursuant to ERISA and the terms of the

collective bargaining agreement, the Trust Agreement and the applicable Plan delinquency rules;

    B.    For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the collective bargaining agreement, the Trust Agreement and the applicable Plan delinquency rules;

    C.    For an amount to be determined representing delinquent contributions, interest and liquidated damages owed to the Plan from January 1, 2006 to the present; and

    D.    For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment.

2.    An order requiring Defendant to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Defendant Beert's accounts receivable. With respect to each account receivable, Defendant shall itemize:

    a.    The amount of each account receivable.

    b.    The period of time during which such receivable accrued.

    c.    The location of the premises upon which the work was performed.

    d.    The nature of the improvement involved for which the account receivable is due.

    e.    The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3.    An order directing Defendant Beert to submit to an audit of the company's books and records by the Plaintiff Plan's designated representative for the period January 1, 2004 to the present.

4. The Court should retain jurisdiction pending compliance with its orders.

5. For such other, further or different relief as the Court deems just and proper.

Dated this ___ day of February, 2006.

JOHN S. CALLAS
McCarthy, Callas, Fuhr & Ellison, P.C.
The Law Centre
329 – 18th Street, Suite 100
Rock Island, IL 61201
309-788-2800 (telephone)
309-793-4090 (facsimile)

OF COUNSEL TO THE PLAN:

PHILIP R. O'BRIEN (SBN 1015549)
Reinhart Boerner Van Deuren s.c.
1000 N. Water St., Suite 2100
Milwaukee, WI 53201
414-298-8243 (telephone)
414-298-8097 (facsimile)
pobrien@reinhartlaw.com
