UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NORTHERN ILLINOIS & IOWA LABORERS HEALTH AND WELFARE TRUST and JIM DeDECKER and STEVE TONDI, in their capacities as Trustees of the TRUST,<br><br>    Plaintiffs,<br><br>vs<br><br>BEERT CONSTRUCTION, LTD, an Iowa corporation,<br><br>    Defendant. | Case No. 05-4098 |

### ANSWER TO AMENDED COMPLAINT

NOW COMES the Defendant, BEERT CONSTRUCTION, LTD, by and through its attorneys, Pastrnak Law Firm, P.C., and for its Answer to Plaintiffs' Amended Complaint states as follows:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.    Defendant admits the allegations in paragraph 1 of the Amended Complaint in that Plaintiffs have alleged a claim under Section 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §185(a)), and Section 502 of the employee Retirement Income Security Act of 1974 (29 U.S.C. 1132), and that jurisdiction is proper. Defendant denies all other allegations contained in paragraph 1.

2.    Defendant admits the allegations in paragraph 2 in that venue is proper. Defendant denies all other allegations contained in paragraph 2.

3.    Defendant denies the allegations in paragraph 3 for lack of knowledge.

4.    Defendant denies the allegations in paragraph 4 for lack of knowledge.

5.    Defendant admits the allegations in paragraph 5.

1

6. Defendant denies the allegations in paragraph 6 for lack of knowledge.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9, including subparagraphs A through E.

10. Defendant denies the allegations in paragraph 10, including subparagraphs A through B.

11. Defendant neither admits nor denies as paragraph 11 simply sets forth a quoted portion of Section 502(g)(2) of ERISA.

12. Defendant neither admits nor denies as paragraph 12 simply sets forth a quoted portion of Section 515 of ERISA.

13. Defendant denies the allegations in paragraph 13 for lack of knowledge.

14. Defendant denies the allegations in paragraph 14 for lack of knowledge.

15. Defendant denies the allegations in paragraph 15 for lack of knowledge.

16. Defendant denies the allegations in paragraph 16.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT BEERT:**
### **VIOLATION OF ERISA SECTION 515**

17. Defendant repeats and incorporates its answers to the allegations in paragraphs 1 through 16 above as though fully set forth herein.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

## SECOND CLIAM FOR RELIEF AGAINST DEFENDANT BEERT:

## BREACH OF TRUST AGREEMENT RULES

22. Defendant repeats and incorporates its answers to the allegations in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24 for lack of knowledge.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

WHEREFORE the Defendant prays that the Court deny the relief sought by Plaintiffs, award Defendant its attorneys fees and court costs associated with responding, and for such other, further or different relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, BEERT CONSTRUCTION, LTD, by and through its attorneys, Pastrnak Law Firm, P.C., and for its affirmative defenses to Plaintiffs' Amended Complaint at Law states:

1. There is no valid enforceable contract between Plaintiffs and Defendant as the purported contract, in its entirety, was never accepted by Defendant.

2. There is no valid enforceable contract between Plaintiffs and Defendant as there was no meeting of the minds between the parties regarding the purported contract.

3. The purported contract violates the statute of frauds.

4. The purported contract was unconscionable.

## COUNTERCLAIM

## COUNT I

NOW COMES the Defendant, BEERT CONSTRUCTION, LTD, (hereinafter "BEERT") by and through its attorneys, Pastrnak Law Firm, P.C., and for Count I of its counterclaim against Plaintiffs states:

1. Defendant BEERT signed the collective bargaining agreement for the term commencing on May 1, 1995 and terminating on April 30, 1998 that specifically excluded residential construction work.

2. Defendant BEERT denies that Quad Cities Builders Association had the authority to bind BEERT to any collective bargaining agreement beyond the agreement that commenced in 1995 and was terminated in 1998.

3. Defendant BEERT has made payments that were required under the collective bargaining agreement that terminated in 1998 from 1995 through the present.

4. Defendant BEERT is entitled to a refund of all monies paid to the Plaintiffs since the termination of the collective bargaining agreement in 1998 through the present.

WHEREFORE, the Defendant, BEERT CONSTRUCTION, LTD, prays that the Court find Defendant entitled to payment from Plaintiffs for all payments made to the Plaintiffs since the termination of the collective bargaining agreement in 1998 through the present, and enter a judgment accordingly, awarding Defendant its costs, reasonable attorneys fees, and such other relief as the Court deems appropriate and just.

## COUNT II

NOW COMES the Defendant, BEERT CONSTRUCTION, LTD, (hereinafter "BEERT") by and through its attorneys, Pastrnak Law Firm, P.C., and for Count II of its counterclaim against Plaintiffs states:

1. Defendant repeats and realleges the allegations in paragraphs 1 and 2 above as though fully set forth herein.

2.	To the extent this Court finds that Beert is bound to the collective bargaining agreement beyond April 30, 1998, the restrictive language in the collective bargaining agreement regarding residential and commercial projects would be applicable.

3.	Plaintiffs have assessed fees, dues, and fringe benefits for work done for both commercial and residential construction work.

4.	Defendant BEERT is entitled to a refund of the assessed fees, dues, and fringe benefits on any residential construction work from the time BEERT entered into the agreement with Quad Cities Builders Association, and the Plaintiffs commenced assessing such fees, dues, and fringe benefits to the present.

WHEREFORE, the Defendant, BEERT CONSTRUCTION, LTD, prays that the Court find Defendant entitled to payment from Plaintiffs for assessed fees, dues and fringe benefits for the residential construction work, and enter a judgment accordingly, awarding Defendant its costs, reasonable attorneys fees, and such other relief as the Court deems appropriate and just.

BEERT CONSTRUCTION, LTD, Defendant

/s/ Candy K. Pastrnak
Candy K. Pastrnak
Pastrnak Law Firm, P.C.
313 West Third Street
Davenport, Iowa 52801
Telephone: (563) 323-7737
Facsimile: (563) 323-7739

**CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing instrument was served upon each of the parties/attorneys of record herein in the above-captioned matter electronically on April 4, 2006:

  John S. Callas

All other interested parties who have filed an electronic appearance will receive an electronic copy of this motion through CM/ECF. No further service is necessary.

                             BEERT CONSTRUCTION, LTD

                             By: /s/ Candy K. Pastrnak
                                 Candy K. Pastrnak