E-FILED
Wednesday, 07 March, 2007  02:05:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(ROCK ISLAND DIVISION)

| | |
|---|---|
| NORTHERN ILLINOIS & IOWA LABORERS HEALTH AND WELFARE TRUST and JIM DeDECKER and STEVE TONDI, in their capacities as Trustees of the TRUST, <br><br>     Plaintiffs, <br><br> vs <br><br> BEERT CONSTRUCTION, LTD, an Iowa corporation, <br><br>     Defendant. | Case No.  05-4098 |

## PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

John Callas having appeared as counsel for the plaintiff, and

Tara Moffit having appeared as counsel for the defendant,

the following action was taken:

## I.  NATURE OF ACTION AND JURISDICTION

This is an action for an alleged violation of ERISA section 515 and an alleged breach of trust agreement rules based upon a Collective Bargaining Agreement, with a Counterclaim by Defendant for refund of overpayment of benefits and the jurisdiction of this Court is invoked under 29 U.S.C. section 185(a) and 29 U.S.C. section 1132.  The jurisdiction of the Court is not disputed.

## II.  JOINT STATEMENT

A.    JURISDICTION

Jurisdiction is based upon 29 U.S.C. section 185(a) and 29 U.S.C. section 1132.

B.    UNCONTESTED ISSUES OF FACT

1.    The Defendant signed the Collective Bargaining Agreements with Laborers' Local 309 and the Cement Masons' Local 18.

2.    The Laborers' Local 309 Agreement includes the restriction that residential work was not going to be covered by the Agreement.

3.    The Plaintiff agreed to the modified terms of the Laborers' Local 309 Agreement, which included exclusion for residential work.

4.    Both Agreements require payment to the funds.

5.    The Defendant has paid benefits to the Plaintiff since the Defendant signed the Agreement on May 30, 1995.

6.    The defendant has prepared reports, filed the reports and paid benefits to the fund.

7.    Some of the benefit reports and payments were not filed and paid in a timely manner.

8.    The fund assessed liquidated damages as a result of late filing of the reports and late payment of the benefits.

9.    The Defendant does not owe any benefits, based upon the last audit.

C.    CONTESTED ISSUES OF FACT

1.    The benefits that the Plaintiff claimed are due to the Plaintiff have always included benefits based upon hours worked on residential projects.

2.    The benefits paid by Defendant have included benefits based upon hours

worked on residential projects.

3.      The Plaintiff reported residential work in their benefit reports.

4.      The amount of the residential work reported in the benefit reports.

5.      Entitlement to a refund of the overpayment of benefits based upon the

Collective Bargaining Agreement.

D.      CONTESTED ISSUES OF LAW

1.      Violation of ERISA section 515 based upon the Collective Bargaining

Agreement.

2.      Breach of trust agreement rules based upon a Collective Bargaining

Agreement.

3.      Entitlement to a refund of the overpayment of benefits based upon the

Collective Bargaining Agreement.

E.      JURY DEMAND

No jury was demanded in this matter.

### III.  PLAINTIFF'S STATEMENT

A.      ITEMIZED STATEMENT OF DAMAGES

| | |
|---|---|
| Liquidated Damages November 2004- June 2006 | $15,348.70 |
| Attorneys Fees for John Callas (to March 1, 2007) | $3,306.25 |
| Attorneys Fees for Philip O'Brien | $10,359.14 |
| Total | $29,014.09 |

### IV.  DEFENDANT'S STATEMENT

A.      ITEMIZED STATEMENT OF DAMAGES

| | |
|---|---|
| Total amount paid to Plaintiff on residential hours: | $10,021.31 |
| Total amount overcharged by Plaintiff: | $138.40 |
| Total | $10,159.71 |

### V.  EXHIBITS ATTACHED

3

A.    Stipulations of Uncontested facts and issues of law (signed by all parties).

B.    Plaintiff's Witness List

C.    Defendant's Witness List

D.    Plaintiff's Exhibit List

E.    Defendant's Exhibit List

F.    Joint Exhibit List

## VI.  GENERAL ADDITIONAL

### IT IS UNDERSTOOD BY THE  PARTIES THAT:

The plaintiff does not intend to call an expert.  The defendant is limited to one expert witness whose name and qualifications have been disclosed to the plaintiff.

Any Trial Briefs shall be submitted no later than fourteen (14) days prior to the commencement of the trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed one full day.  The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice.  Such modification may be made either on motion of counsel for any party or on the Court's own motion.

IT IS SO ORDERED.

4

_____
JUDGE

ENTERED: _____

APPROVED AS TO FORM AND SUBSTANCE:


/s/ John Callas_____
John Callas, Attorney for the Plaintiff


/s/ Tara A. Moffit_____
Tara Moffit, Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(ROCK ISLAND DIVISION)

| | |
|---|---|
| NORTHERN ILLINOIS & IOWA LABORERS HEALTH AND WELFARE TRUST and JIM DeDECKER and STEVE TONDI, in their capacities as Trustees of the TRUST,<br><br>     Plaintiffs,<br><br>vs<br><br>BEERT CONSTRUCTION, LTD, an Iowa corporation,<br><br>     Defendant. | Case No.  05-4098 |

**STIPULATIONS OF UNCONTESTED FACTS AND ISSUES OF LAW**

COMES NOW the parties and hereby submits their Stipulations of Uncontested Facts and Issues of Law:

Uncontested Facts

1.      The Defendant signed the Collective Bargaining Agreements with Laborers' Local 309 and the Cement Masons' Local 18.

2.      The Laborers' Local 309 Agreement includes the restriction that residential work was not going to be covered by the Agreement.

3.      The Plaintiff agreed to the modified terms of the Laborers' Local 309 Agreement, which included exclusion for residential work.

4.      Both Agreements require payment to the funds.

5.      The Defendant has paid benefits to the Plaintiff since the Defendant signed the Agreement on May 30, 1995.

6.      The defendant has prepared reports, filed the reports and paid benefits to the fund.

7.      Some of the benefit reports and payments were not filed and paid in a timely

manner.

8.      The fund assessed liquidated damages as a result of late filing of the reports and

late payment of the benefits.

9.      The Defendant does not owe any benefits, based upon the last audit.

<u>Uncontested Issues of Law</u>

1.      ERISA and the Agreements provide for liquidated damages and attorneys fees

upon proof of entitlement.


/s/ John Callas
John Callas, Attorney for the Plaintiff
McCarthy, Callas, Fuhr & Ellison
329 18th Street, Suite 100
Rock Island, IL 61201
Phone:  309-788-2800
Fax:      309-793-4090
Email:  jcallas.mcfe@thelawcentre.com


/s/ Tara A. Moffit
Tara Moffit, Attorney for the Defendant
Pastrnak Law Firm, P.C.
313 West Third Street
Davenport, IA 52801
Phone:  563-323-7737
Fax:      563-323-7739
Email:  tmoffit@pastrnak.com

## EXHIBIT LIST FOR PLAINTIFF

| Case Name:  Northern Illinois and Iowa Laborers Health and Welfare Trust, et al. v. Beert Construction, Ltd. | Case No.  05-4098 | Page 1 of 1 |
|---|---|---|

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Collection Notices | | | X-foundation and hearsay |
| 2 | Damages Spreadsheet | | | X-foundation and hearsay |
| 3 | Statement of Attorneys Fees | | | X |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## EXHIBIT LIST FOR DEFENDANT

| Case Name: Northern Illinois and Iowa Laborers Health and Welfare Trust, et al. v. Beert Construction, Ltd. | Case No. 05-4098 | Page 1 of 1 |
|---|---|---|

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 201 | Monthly Benefit Reports October, 1997 through October 2004 | | | X-Relevance |
| 202 | Worksheet of residential hours with amounts paid to funds | | | X |
| 203 | Calculation of amounts overpaid | | | X |
| 204 | All prior audit reports | | | X |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# JOINT EXHIBIT LIST

| Case Name:  Northern Illinois and Iowa Laborers Health and Welfare Trust, et al. v. Beert Construction, Ltd. | Case No.  05-4098 | Page 1 of 1 |
|---|---|---|

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 101 | Collective Bargaining Agreement Laborers' Local 309 | | | |
| 102 | Collective Bargaining Agreement Cement Masons' Local 18 | | | |
| 103 | Audit Report from April 4, 2006 | | | |
| 104 | Audit Report from November 20, 2006 | | | |
| 105 | Monthly Benefit Reports November 2004 – June 2006 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## WITNESS LIST FOR PLAINTIFF

| Case Name: Northern Illinois and Iowa Laborers Health and Welfare Trust, et al. v. Beert Construction, Ltd. | Case No. 05-4098 | Page 1 of 1 |
|---|---|---|

| Witness Name | Address | Expert | Adverse |
|---|---|---|---|
| Julie Lage | 2837 7th Ave., Rock Island, IL | | |
| Employees in Monthly Reports | various | | |
| John Callas | 329 18th St., Ste. 100, Rock Island, IL | | |
| Philip O'Brien | 100 North Water St., Ste. 2100, Milwaukee, WI | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## WITNESS LIST FOR DEFENDANT

| Case Name: Northern Illinois and Iowa Laborers Health and Welfare Trust, et al. v. Beert Construction, Ltd. | Case No. 05-4098 | Page 1 of 1 |
| --- | --- | --- |

| Witness Name | Address | Expert | Adverse |
| --- | --- | --- | --- |
| Terry Beert | 114 Colony Dr., Davenport, IA | | |
| Tori Kelley | 114 Colony Dr., Davenport, IA | | |
| Jeff Jennings | 1706 Brady St., Davenport, IA | X | |
| Butch Downs | 2837 7th Ave., Rock Island, IL | | X |
| Julie Lage | 2837 7th Ave., Rock Island, IL | | X |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |